# Appeal of William W. Patterson and John S. Craig.

A will which peremptorily directs a sale of the testator's realty on the death of his wife, and a distribution of the proceeds among his children, for their use during life and subject to their disposal at death, works a conversion of the realty into personalty and vests it absolutely in the children; and where they agree among themselves to divide the realty and take it in lieu of the money and execute to each other deeds of their respective purparts, they take as purchasers and are vested with the fee.

(Decided November 15, 1886.)

Argued November 10, 1886, before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. October Term, 1886, No. 259, W. D. Appeal from the decree of the Orphans' Court of Allegheny County directing specific performance of a contract to purchase real property. Affirmed.

October 21, 1886, Joseph K. Cass as administrator of Margaret K. Cass, deceased, filed his petition praying specific performance of a contract of sale and purchase entered into between Margaret K. Cass and William W. Patterson and John S. Craig.

The following facts appeared by the petition, and. answer: Joseph Kerr died about 1841, testate, leaving surviving sons and daughters, of whom only one daughter survives. Margaret K. Cass, one of said daughters, died June 23, 1886.

By his last will and testament Joseph Kerr, deceased, after making a specific bequest for charity, devised the residue of his estate as follows, *viz.*: "I leave all my lands and effects to the use of my wife and children during the life of my wife and chil-

---

NOTE.—For the conversion of realty into personalty, see note to Com. v. Gordon, 3 Sad. Rep. 501.

dren during the life of my wife, and at her death I order them to be sold and the proceeds equally divided among my children, deducting for the expenses of those who may have received a college education; the part I thus leave to my daughters severally I leave to them and for their use during life and subject to their disposal at death."

His real estate was not sold as directed by will, but after the death of the widow, on February 28, 1878, the surviving children and heirs of deceased, children of said Joseph Kerr, deceased, effected an amicable partition of said estate, and executed and delivered to each other deeds conveying their respective purparts. · To Margaret K. Cass was allotted and conveyed as her full share in the estate devised by the provisions in the will, two lots of ground in Allegheny City, being a portion of the land of which Joseph Kerr died seised.

Margaret K. Cass and her husband, by agreement dated June 1, 1886, sold said lots to William W. Patterson and John S. Craig for $6,000, and agreed to convey same in fee simple to said purchasers.

Margaret K. Cass and her husband died intestate, before the agreement for conveyance was consummated. Thereupon her administrator filed his petition in the orphans' court, setting forth the agreement to convey and paying for a decree of specific performance.

The purchasers, William W. Patterson and John S. Craig, answered said petition, setting forth that they were advised that the estate of Margaret K. Cass was not a fee but a life estate with power of disposition by her last will and testament, and that therefore her representatives could not deliver a good and sufficient deed in fee as required by her said agreement. The orphans' court decreed specific performance of said contract and the defendants, Patterson and Craig, appealed from said decree.

*Kennedy T. Friend* and *Robert B. Petty,* for appellants.— The added power of disposition does not enlarge the estate. Second Reformed Presby. Church v. Disbrow, 52 Pa. 223.

The conversion only changes the character of the property and does not affect the quality or nature of the estate devised, and therefore the daughters under the provisions of the will would take only a life estate whether the estate devised be realty or personalty, for a life estate may be given in personal as well as real property. McKonkey's Appeal, 13 Pa. 253.

*William L. Chalfant* and *George P. Hamilton, Jr.,* for appellee.—The plain and positive direction of the testator, to sell all his lands after the death of his widow, worked an equitable conversion.   Jones v. Caldwell, 97 Pa. 42; Laird's Appeal, 85 Pa. 339.

It is immaterial that there is no provision in the will permitting the legatee to take the land as land; the law gives them that privilege independently of the will.    3 Whart. 62.

It would even treat such provision as a surplusage.    Jones v. Caldwell, 97 Pa. 42.

A bequest of personal property for life, without limitation over, vests an absolute interest in it.    Brownfield's Estate, 8 Watts, 465; Diehl's Appeal, 36 Pa. 120.

If the legatees agree to take the land, they do so as purchasers and not as devisees.    It is merely a substitute for the money, and is taken at a price.    Laird's Appeal, 85 Pa. 339; Miller v. Com. 111 Pa. 321, 2 Cent. Rep. 280, 2 Atl. 492.

A will must be construed so as to avoid a partial intestacy, unless the contrary be unavoidable.    Board of Missions's Appeal, 91 Pa. 507.

PER CURIAM:

The will of Joseph Kerr peremptorily directed a sale of his realty on the death of his wife, and a distribution of the proceeds among his children; this, of course, worked a conversion of the realty into personalty, and as this by the terms of the will vested absolutely in the children, when they agreed among themselves to divide the realty and to take it in lieu of the money, they necessarily took as purchasers, and consequently were vested with the fee.

Decree affirmed and appeal dismissed, at the costs of the appellants.